# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 4, 2008

Charles R. Fulbruge III
Clerk

No. 08-30074
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL WILLIAMS, also known as Swag

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:06-CR-30053-2

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael Williams pled guilty to conspiracy to distribute 50 grams or more of crack cocaine. The district court sentenced Williams to 135 months in prison, which was at the bottom of the advisory Guideline range, followed by a five-year term of supervised release. On appeal, Williams argues that the district court erroneously concluded it was without authority to impose a certain downward departure absent a motion and that such a conclusion constituted reversible error under United States v. Booker, 543 U.S. 220 (2005). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams's assertion that the district court erroneously believed that it did not have the authority to depart from the Sentencing Guidelines vests us with jurisdiction to consider this appeal. See United States v. Hernandez, 457 F.3d 416, 424 & n.5 (5th Cir. 2005). We review a sentencing decision for "reasonableness" by applying an abuse-of-discretion standard. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). A district court's interpretation or application of the Guidelines is reviewed de novo. Factual findings are reviewed for clear error. Id.

The sentencing judge decided that a minimum Guidelines sentence properly reflected the cooperation Williams provided. The judge's statement that the possibility of a departure for substantial assistance was "the government's decision" was in reference to Williams's repeated, specific questioning about whether the government planned to make a Section 5K1.1 motion. Williams and his counsel did not urge the district judge to use his own discretion to give a below-Guidelines sentence. Further, Williams offered scant evidence about assistance.

The district judge also noted that he had considered the factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and Williams's criminal history. As in Cisneros-Gutierrez, there was "no indication in the district court's comments that it believed the Guidelines range presumptively should apply"; rather, after consideration, it "concluded that the Guidelines provided an appropriate sentencing range." 517 F.3d at 766; see also United States v. Washington, 480 F.3d 309, 320 (5th Cir. 2007) ("[T]he district court implicitly recognized that it could deviate from the Guidelines, but based on the facts before it, decided not to do so.").

Because the district judge did not treat the Guidelines as mandatory and considered Williams's cooperation, there was no error. We AFFIRM.